UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
RASENE MYTON,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 12-CV-1235 (FB)

*Appearances:*
*For the Petitioner:*
RASENE MYTON, *pro se*
No. 554885 - 053
c/o U.S.P. Lee County
P.O. Box 305
Jonesville, Virginia 24263

**BLOCK, Senior District Judge:**

      Rasene Myton is currently incarcerated pursuant to a judgment convicting him of various violations of the Hobbs Act, 18 U.S.C. § 1951, and 18 U.S.C. § 924(c). His convictions and sentence were affirmed on direct appeal, *see United States v. Myton*, 224 F. App'x 125 (2d Cir.), *cert. denied*, 552 U.S. 968 (2007), and the Court denied his § 2255 motion on December 23, 2009. Since then, Myton has filed numerous motions pursuant to Federal Rules of Civil Procedure 59(e) and 60(b); in each, he has undertaken to convince the Court that it overlooked or misconstrued one or more aspects of his original § 2255 motion.

Myton's latest attempt is a Rule 60(b) motion for relief from judgment. Myton has also moved to amend that motion, and has filed a "supplemental brief" in support of both the motion to amend and the Rule 60(b) motion. From these filings, the Court has culled two claims, which it has liberally construed "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

1. **Sentencing Enhancement**

First, Myton argues that a recent Supreme Court case, *Burrage v. United States*, 134 S. Ct. 881 (2014), casts doubt on the Court's prior rejection of his challenge to a sentencing enhancement holding him accountable for the death of Orland Davis, a victim of the attempted robbery underlying one of Myton's Hobbs Act convictions. In *Burrage*, the Supreme Court held that a provision of the Controlled Substances Act imposing a 20-year prison sentence for distribution of a controlled substance when "death or serious bodily injury results from the use of such substance" required proof of but-for causation. *See id.* at 884 (quoting 21 U.S.C. § 841(b)(1)(A-C)).

The Second Circuit held in this case that Davis's death "was the foreseeable result of an attempted robbery in which Myton was involved." *Myton*, 224 F. App'x at 132. *Burrage* in no way detracts from the longstanding interpretation of the sentencing enhancement at issue to include the concept of felony murder, and any

2

argument that the attempted robbery was not a but-for cause of Davis's death would be frivolous.

**2. Interstate Commerce**

Second, Myton argues that the Court overlooked an aspect of his challenge to the interstate commerce element of another of his Hobbs Act convictions—the attempted robbery of George Pessoa. Specifically, he argues that the Court has failed to address *United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007), which was decided before the Supreme Court denied certiorari in his case.

The Court did not mention *Parkes* because it is irrelevant. Receding from earlier cases embracing the notion that a robbery of drugs or drug proceeds affects interstate commerce *ipso facto*, the Second Circuit held in *Parkes* that "the Hobbs Act requires the jury to find that a robbery of drugs and drug proceeds affects interstate commerce." 497 F.3d at 223. It then approved the district court's jury instruction that "the government must show that if the [attempted] robbery occurred, interstate commerce would have been affected in some way," *id.* at 230, and concluded that there was sufficient evidence to support the jury's finding that the attempted robbery at issue "would have affected interstate commerce." *Id.* at 231.

The Court's jury instructions were entirely in keeping with those subsequently approved in *Parkes*. With respect to the sufficiency of the evidence, the Second Circuit plainly held that "[t]here was ample evidence in the record . . . to support the

3

jury's conclusion that Myton and his co-conspirators attempted to rob Pessoa because he was a drug dealer and that his marijuana traveled in interstate commerce." *Myton*, 224 F. App'x at 130. *Parkes* does not require anything more.

Myton's motion is denied. Because he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 28, 2015