FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   DEC 2 7 2018   ★

BROOKLYN OFFICE

IN THE
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

RASENE MYTON
   Movant

   V.

UNITED STATES OF AMERICA
   Respondent.

Civil. No.: 08-cv-4314(FB)
               11-cv-1710(FB)
               12-cv-1235(FB)

PETITIONER'S SUPPLEMENTAL MOTION
FOR RELIEF FROM JUDGMENT PURSUANT RULE 60(b).

Mr. Rasene Myton
Register Number 554885-053
F.C.I. Berlin
P.O. Box 9000
Berlin, NH 03570

Movant Myton, Pro-Se Representative.

1

ARGUMENT

The District Court Made An Error In Judgment In Denying Petitioner's
"Burrage Claim" Regarding The Murder of Orland Davis, A Victim of
The Attempted Robbery In One of Petitioner's Hobbs Act Conviction;
Basing Its Decision On The Premise; Davis's Death Was The Foreseeable
Result of The Robbery In Which Myton Was Involved.

## a. Foreseeability.

Petitioner argues that even if the victim's (Davis') death were foreseeable, the court still need to prove that Petitioner's conduct was the cause of the victim death. This argument is prevailing by **Burrage v. United States**, 134 S.Ct. 881, 187 L.Ed. 2d 715 (2014), wherein the Supreme [676 Fed. Appx. 84] Court clearly and repeatedly stated that the causation element for § 841(b) offenses resulting in death requires only that the defendant's conduct be "a but-for cause of the death" id. at 892 (emphasis added); See id. at 885, 888, 891.

Like in **Burrage** similarly in Petitioner's robbery's case from the outset "foreseeability" is supported by fact in the record, specifically in **Burrage** giving or selling someone narcotics creates a potential risk of death, conversely in planning robbery creates the risk of potential death. For example, death is always foreseeable when narcotic's being consume possibly can lead to several defaults such as overdose; illness leading to death; corruption of the brain, lethal consumption and medical impairments. Also, as in the case of robbery death is always foreseeable because it is always a possibility when executing the robbery things getting out-of-control; even when planning a robbery without the intention of violence.

Establishing foreseeable alone is not enough to categorically provide a sufficient basis to conclude that the Petitioner's involvement in the planning of the robbery to conclude that victims' death, but must therefore show that his

2

conduct were the factual basis for the element of causation.

The United States Supreme Court granted certiorari on two questions: Whether the defendant may be convicted under the "death results" provision (1) when the use of the controlled substance was a "contributing cause" of the death and (2) without separately instructing the jury that it must decide whether the victim's death by drug overdose was a foreseeable result of the defendant's drug-trafficking [187 L.Ed. 2d 722] offense. 569 U.S. 957, 133 S.Ct. 2049, 185 L.Ed. 2d 884 (2013).

The Supreme Court's decision in Burage v. United States, U.S.__134 S.Ct. 881, 187 L.Ed. 2d 715 (2014) did not, as plaintiff suggests, changed the standard for causation in Title VII cases. DKT. No. 33, P.21. In Burrage, in fact, the Supreme Court cite to Nassar in support of its holding that but for causation is required to prove death or serious bodily injury resulting from the use of a controlled substance under 21 U.S.C. § 841(b)(1)(A)-(c). The Supreme Court also referred to the death-result enhancement as "an element that must be submitted to the jury and found beyond a reasonable doubt". "571 U.S. at 210. Thus, the "death-result" enhancement is not a sentencing enhancement but rather a statutory element of the crime.

With respect to the Supreme Court Ruling in Burrage the district courts must proved but-for-causation element, the defendant's conduct cause the victim's death. Thus stating that the Petitioner offense was foreseeable does not suffice the element or show that Petitioner involvement caused the death of Davis.

Petitioner was not charged or convicted for causing the death of Orland Davis. Specifically, Petitioner was merely charged and convicted for the attempted robbery of Davis. Notwithstanding, Petitioner was enhanced for the death of Orland Davis. The district court states that because death resulted in the attempted robbery the Petitioner based offense level (BOL) increase form a 20 to 43.

Here, Petitioner suffered prejudice because without the murder enhancement the Petitioner offense was 22 in accordance with the 1996 attempted robbery (S-4 indictment.) While awaiting sentence on the S-4 indictment Petitioner was again charged in a S-6 indictment for the attempted robbery of Orland Davis. The Petitioner proceed to trial and was convicted on the S-6 indictment. At sentencing the district court held Petitioner was responsible for the murder of Orland Davis because death resulted in the attempted robbery for which Petitioner was convicted. The district court further exacerbated by choosing to run the S-6 indictment consecutive the charges in the S-4 indictment. Petitioner was in criminal history category (CHC) I with a offense level of 22 as to the 1996 attempted robbery Petitioner, and an offense level of 27, as to the 1998 robbery, which in guideline of 70-87 months.

With respect to the S-6 indictment originally Petitioner's base offense level was 20, but because the district court hold Petitioner liable for the death Davis'-Petitioner's offense level was enhanced to 43 with a guideline range of 360 to life. **Glover v. United States,** 531 U.S. 198, 203, 121 S.Ct. 696 148 L.Ed. 2d 604 (2001). Such prejudice becomes particularly acute where, as here, the defendant "was given a sentence on [the highest or lowest] end of the sentencing guidelines range [thereby] suggesting that the [defendant] would have received a lower sentence had the PSR properly calculation his base offense level". Finally, to end any speculation about whether Myton was prejudiced, Petitioner avers that had the district court not hold him responsible for the murder that he was not charged with or convicted of by a jury Petitioner's guideline range would have been 33-41 regarding S-6 indictment.

Further, death is more likely foreseeable in a narcotics case, because statistically the consumption or usage of drugs annually results in a extremely higher percentage of deaths than in robbery cases. And a second note, Myvette and

4

Brooks both testified that the robbery was aborted, and that they didn't know why Bernard approached Davis.

In spite, the prosecutor in his summation alleged that Bernard still proceed with carrying out the robbery even though Myvette testified he told Bernard to leave him alone. However, there was no testimony or evidence presented to confirm or show why Bernard decided to confront Davis as stated by the government.

Moreover, there were no evidence presented at the Petitioner's trial that the intention was to kill Davis; moreso, Myvette testified to the extent that if Davis was armed they would about the robbery. And the prosecutor ask the witness (Myvette) "Is that what happen on the night of the robbery?". And Myvette responded, "yes". Herein, the evidence lacks any mens rea that the Petitioner was willing to uses violent force. In order to determined that the Petitioner was violent the statute require proof of mens rea. See 18 U.S.C. § 2339A (requiring proof of knowledge or intent that material support be used in preparation for or in carrying out specified crimes)....

## CONCLUSION

WHEREFORE, based on the above, Petitioner prays that this Honorable Court grant Petitioner's pending Rule 60(b) motion for relief from Judgment pursuant to Fed. R. Civ. P 60(b), alternatively Grant Petitioner an evidentiary hearing.

Respectfully Submitted

Rasene Myton
Reg. No. 55485-053
Federal Correctional Institution Berlin
P.O. Box 9000
Berlin, NH 03570

5

## CERTIFICATE OF SERVICE

I HEREBY, certify under the penalty of perjury that a copy of the foregoing motion has been mailed via first class postage pre-paid, by United States Mailed by placing the same in the Institution Mail Box on this 14th day of December 2018. Addressed to the United States Attorney Office, at the address listed below:

Office of the United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201.

Executed under the penalty of perjury pursuant to 28 U.S.C. § 1746, on this 14th day of December 2018.

Rasens Myton
Reg. No. 55488-053
Federal Correctional Institution-Berlin
P.O. Box 9000
Berlin, NH 03570

6